IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES,<br><br>    Plaintiff and Counter Defendant,<br><br>vs.<br><br>WAYNE WONG, MARIA WONG, and JOHN DOES 1-V,<br><br>    Defendants and Counter Claimants. | **REPORT AND RECOMMENDATION**<br><br><br><br>Case No. 2:11-cv-492-CW-SA |

Before the court is a motion to remand filed by Plaintiff Aurora Loan Services. (Doc. 7.) Plaintiff argues this case must be remanded to state court because this court lacks jurisdiction. Having reviewed the parties' pleadings and having heard oral arguments, the court recommends that Plaintiff's motion be granted.

**BACKGROUND**

Plaintiff commenced this unlawful detainer action in Utah's Third District Court in April 2011. (Doc. 1-5, at 1-6.) In its complaint, Plaintiff requested that an order of restitution be issued against the Defendants, as well as statutory unlawful detainer damages. Plaintiff also requested attorney fees, as allowed by statute. (Doc. 8-1, at 3-4.) On May 9, 2011,

Plaintiff filed a motion to amend the complaint to correctly state that the plaintiff is Bank of America rather than Aurora Loan Services (Doc. 8-2, at 1-3), but otherwise has not sought to amend the complaint in any way.

On May 31, 2011, Defendants Wayne Wong and Maria Wong filed their notice of removal. (Doc. 1.) This case was assigned to United States District Judge Clark Waddoups (Doc. 10), who, on July 12, 2011, referred it to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 15.)

On June 13, 2011, Plaintiff filed a motion to remand. (Doc. 7.) On August 11, 2011, because Defendants had not responded to Plaintiff's motion to remand, the court issued an order to show cause, giving Defendants until September 2, 2011, to show why Plaintiff's motion to remand should not be granted. (Doc. 18.) On September 2, 2011, Defendants filed a pleading entitled "For the Claim of the Vacate-Void-Petition-to-Remand: 'Fictional-Points of an Authority-Void-Now-Time'" (Doc. 21), which this court has construed as Defendants' response to Plaintiff's motion to remand. On October 13, 2011, the court held oral arguments on Plaintiff's motion to remand.[1]

---

[1] At the October 13, 2011 hearing, the court denied Mr. Wong's oral motion for an extension of time to file another response to the motion to remand, explaining that it had already given him extra time in the order to show cause to file an appropriate response to the motion to remand.

**ANALYSIS**

A civil action is removable only if the plaintiff originally could have brought the action in federal court. *See* 28 U.S.C. § 1441(a); *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed. Appx. 775, 777 (10th Cir. 2005). The court must remand an action that has been removed to federal court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the presumption is against federal jurisdiction. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The rule requires the court to not accept jurisdiction over a matter if it does not affirmatively appear in the record. *See Insurance Corp. of Ireland, Inc. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The burden is on the party requesting removal to demonstrate that the court has jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In a removed case, a strong presumption exists that the plaintiff has not claimed an amount large enough to confer jurisdiction on a federal court. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). "'[W]here plaintiff and defendant clash about

jurisdiction, uncertainties are resolved in favor of remand.'" *Id.* (citation omitted).

In their notice of removal and at oral arguments, Defendants claim the court has federal diversity jurisdiction because there is diversity and the amount in controversy exceeds $75,000.00 (Doc. 1, at 2). *See* 28 U.S.C. § 1332 (conferring jurisdiction in district court over action between citizens of different states if amount in controversy exceeds $75,000.00); *Martinez v. Martinez*, 62 Fed. Appx. 309, 313, 2003 WL 1904807 (10th Cir. 2003). Plaintiff concedes that diversity of citizenship exists in this case; however, Plaintiff disputes that the amount in controversy exceeds $75,000.00

Defendants have filed a counterclaim in which they seek $2,000,000.00 in damages (Doc. 2, at 28); however, Defendants' counterclaim does not bestow jurisdiction upon this court. For this court to have jurisdiction, Plaintiff must have been able to have originally brought its action in this court. *See Oklahoma Farm Bureau Mut. Ins.*, 149 Fed. Appx. at 777. In other words, the court looks solely to Plaintiff's complaint in determining whether the amount in controversy exceeds $75,000, thereby giving this court jurisdiction.

Defendants have not met their burden of showing the amount in controversy, as expressed by Plaintiff's complaint, exceeds $75,000.00. As explained above, Plaintiff's action is for unlawful detainer. Plaintiff's attorney repeatedly represented

4

to the court at the October 13, 2011 hearing that the amount in controversy was much less than $75,000.00, and that Plaintiff simply sought eviction and monthly rent since February 2011, which rent would be approximately $1,000.00 per month. Based on those representations, the amount in controversy stemming from Plaintiff's complaint currently is less than $10,000.00. In addition, in its memorandum in support of its motion to remand, Plaintiff represented that "Plaintiff['s] complaint for damages cannot possibly be consider[ed] to request damages that exceed $75,000.00." (Doc. 8, at 3.)

Because Defendants requested the removal, they must identify allegations in their notice of removal establishing the amount in controversy exceeds $75,000, *see Oklahoma Farm Bureau Mut. Ins.*, 149 Fed. Appx. at 777-78; *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th cir. 1995); however, neither Defendants' notice of removal (Doc. 1), nor Defendants' response to Plaintiff's motion to remand (Doc. 21) effectively counters Plaintiff's assertion to the contrary. As a result, the court concludes that Defendants have not demonstrated that the amount in controversy exceeds $75,000.00. Consequently, the court lacks jurisdiction, and the court recommends that Plaintiff's motion to remand be granted.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's motion to remand (Doc. 7) be **GRANTED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 14th day of October, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge