# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES,<br><br>      Plaintiff,<br><br>v.<br><br>WAYNE WONG, MARIA WONG and JOHN DOES I-V,<br><br>      Defendants. | **ORDER and MEMORANDUM DECISION**<br><br>Case No. 2:11-cv-492-CW |

Now before the court is an objection to a Report and Recommendation by Magistrate Judge Alba ("R & R") recommending that Plaintiff's motion to remand be granted. Because the Wongs are acting *pro se* in this matter, the court will liberally construe their pleadings. *See*, *e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (providing that *pro se* parties' pleadings should be construed liberally).

The Wongs purported to remove this action on the basis of diversity jurisdiction. The R & R reasoned that the Wongs had not established that over $75,000 was at issue in the removed action, which was a Utah state law eviction action. In their objection, the Wongs do not dispute that on its face, the complaint in the eviction action against them did not put over $75,000 at issue at the time of removal. Rather, the Wongs contend that for various reasons, the Plaintiff in the eviction action did not have standing to bring that action and that the foreclosure sale leading to the eviction action was void. The Wongs have filed a counterclaim seeking $2,000,000 in damages related to these factual assertions. The Wongs contend that the alleged defects in the proceedings leading up to the action put over $75,000 at issue.

In the Tenth Circuit, when calculating the amount in controversy for purposes of diversity jurisdiction in an action filed in federal court, a counterclaim exceeding the jurisdictional amount can create the jurisdictional amount even if the amount in the original complaint is insufficient. *See State Farm v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) *and Geoffery E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245, n. 2 (10th Cir. 1996). There is no Tenth Circuit case, however, that addresses whether the value of a counterclaim can serve to establish the jurisdictional amount in a case removed from state court. In both *State Farm* and *Macpherson*, the Tenth Circuit relied on Federal Practice and Procedure § 3706 in support of its reasoning. According to that treatise, the modern trend and majority position is for courts to disallow consideration of the counterclaim as establishing the jurisdictional amount. *See* 14AA Fed. Prac. & Proc. Juris. § 3706 (4th ed.).

The court sees no compelling reason to reject the majority position on this subject. Accordingly, there was no error in the R & R's analysis. The R & R is therefore APPROVED and ADOPTED. This case is REMANDED to the Utah state court from which it was removed.

DATED this 7th day of November, 2011.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge